**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-01964-WYD-CBS

STEVEN HOWARDS,

    Plaintiff,

v.

VIRGIL D. "GUS" REICHLE,
in his individual and official capacity, et al.,

    Defendants.

---

## AGREED PROTECTIVE ORDER

---

WHEREAS, plaintiff Steven Howards alleges that the defendants, Special Agents of the United States Secret Service, subjected him to an illegal search and seizure, in violation of his Fourth Amendment rights, and arrested him in retaliation for exercising his freedom of speech, in violation of his First Amendment rights, following an encounter between plaintiff and Vice President Richard B. Cheney on June 16, 2006;

WHEREAS, the witnesses to that encounter, both parties to this dispute, as well as other third-party witnesses, include persons employed or formerly employed by the Office of the Vice President, and the United States Secret Service;

WHEREAS, the Office of the Vice President wishes to avoid questioning of any witness in this proceeding that could intrude upon the confidentiality that is essential to the effective functioning of the Presidency and the Vice Presidency, *see Cheney v. U.S. Dist. Court,* 542 U.S. 367, 385-89 (2004); and

WHEREAS, the Secret Service wishes to avoid questioning of any witness in this proceeding regarding sensitive security procedures, protective methodologies, and other matters that could adversely impact upon the effective performance of the Secret Service's mission, under 18 U.S.C. § 3056, to protect and safeguard the President, the Vice President, their families, and other persons,

IT IS HEREBY STIPULATED, AGREED, and ORDERED THAT:

1. No witness in this proceeding shall be subject to questioning or shall be required to testify, whether in deposition, at trial, or otherwise, as to any matter regarding or tending to reveal the duties and responsibilities of the President, the Vice President, their assistants, aides, or staffs, or any actions taken by them pursuant to or in furtherance of said duties and responsibilities, except those duties, responsibilities, or actions proximately connected to the June 16, 2006, incident involving plaintiff and the Vice President.

2. No witness in this proceeding shall be subject to questioning or shall be required to testify, whether in deposition, at trial, or otherwise, as to any matter regarding or tending to reveal communications by, between, or among the President, the Vice President, their families, offices, assistants, aides, or staffs, except those communications proximately connected to the June 16, 2006, encounter between plaintiff and the Vice President.

3. No witness in this proceeding shall be subject to questioning or shall be required to testify, whether in deposition, at trial, or otherwise, as to any matter regarding or tending to reveal any other non-public official or personal information concerning the

President, the Vice President, their families, offices, assistants, aides, or staffs, except such information proximately connected to the June 16, 2006, encounter between plaintiff and the Vice President.

4.  No witness in this proceeding shall testify, whether in deposition, at trial, or otherwise (including by written declaration), as to any matter regarding or tending to reveal sensitive security policies, procedures, or measures, or sensitive protective strategies, methodologies, or techniques, adopted or employed by the Secret Service pursuant to and in furtherance of its mission to protect and safeguard the President, the Vice President, their families, and others, under 18 U.S.C. § 3056, except as expressly provided otherwise by and in accordance with paragraphs 5 and 6, below.

5.  Counsel representing the Office of the Vice President, the Secret Service, or both, may appear at any deposition, trial, or other proceeding in this matter, make objections as necessary and appropriate to enforce the limitations on questioning and testimony set forth in paragraphs 1-4, above, and issue instructions in accordance with Federal Rule of Civil Procedure 30(d)(1) to preserve said objections until such time as they are brought to the attention of and their validity is adjudicated by the Court.  In lieu of issuing an instruction pursuant to Rule 30(d)(1), counsel for the Secret Service may also designate questioning and/or testimony falling within the scope of paragraph 4, above, as "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER."  Testimony so designated may be used or disclosed only in accordance with the limitations prescribed in paragraph 12, below.

6. Any party to this proceeding seeking to elicit testimony falling within the scope of paragraph 4, above, and as to which testimony counsel for the Secret Service has objected, may move for an order compelling the testimony sought. It shall be the burden of the party seeking such an order to demonstrate a substantial need for the testimony sought that overrides the interests of the Secret Service in maintaining the confidentiality of sensitive policies, procedures, methodologies, measures, or techniques adopted or employed by the Secret Service pursuant to and in furtherance of its protective mission. If the Court issues an order compelling the testimony sought, the testimony and any transcript thereof shall be designated "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," and may be used or disclosed only in accordance with the limitations prescribed in paragraph 12, below.

7. Questions, and responses thereto, at depositions, trial, or other proceedings shall be deemed permissible under this Protective Order unless objected to by counsel for a party, for the Office of the Vice President, or for the Secret Service. No party shall be precluded from deposing, or otherwise presenting the testimony of, any witness on any subject as a result of this Protective Order unless such testimony is solicited and objected to, and, if the soliciting party moves to compel the testimony to which objection was made, such objection is upheld by the Court. Nothing in this order shall be interpreted as requiring the defendants to limit their testimony, either oral or written, in anticipation of objection by the Secret Service or Office of the Vice President.

8.   Nothing in this Protective Order, nor in any party's agreement to its terms, shall be construed as a waiver of the attorney-client, deliberative process, or law enforcement privilege, Executive privilege, or any other applicable privilege, or the right to make objections or to issue instructions in accordance with Federal Rule of Civil Procedure 30(d)(1) on the basis of such privilege.

9.   This Protective Order shall not be interpreted to apply to documents produced in connection with this litigation prior to the time this Order was entered.

10.   Nothing in this Protective Order shall be construed as limiting the right of any witness to be represented in his personal capacity by counsel at any deposition, trial, or other proceeding in this matter.

11.   The transcript of all depositions and declarations of the parties or third-party witnesses in this matter shall initially be designated "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER." The Office of the Vice President and the Secret Service shall have until 30 days after receipt of the transcript or declaration by their counsel to review the transcript or declaration and, except as to testimony designated as confidential pursuant to the provisions of paragraph 5 or 6, above, to move for a protective order limiting the use or disclosure of the transcript or declaration, any testimony contained therein, or any information derived therefrom.

> (a)   Pending such review, and the Court's disposition of any such motion, the transcript or declaration, all testimony contained therein, and information derived therefrom (including, but not limited to, all extracts, summaries, correspondence, memoranda, or other documents quoting from or

conveying testimony or information contained in the transcript), and may be used or disclosed only in accordance with the limitations prescribed in paragraph 12, below

(b) If after 30 days following receipt of the transcript or declaration by their counsel neither the Office of the Vice President nor the Secret Service has moved for a protective order as provided in this paragraph, then the confidential designation of the transcript or declaration; the testimony contained therein; the information derived therefrom; any documents quoting from or conveying testimony or information contained in the transcript; and any limitation on the use or disclosure thereof imposed by this paragraph 11, shall be lifted.

(c) Notwithstanding any other provision of this paragraph 11, testimony designated confidential under the provisions of paragraph 5 or 6, above, shall remain so designated and remain subject to the limitations on the use or disclosure thereof imposed by paragraph 5 or 6.

12. The testimony designated "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" pursuant to paragraph 5, 6, or 11, above, and information derived therefrom (including, but not limited to, all extracts, summaries, correspondence, memoranda, or other documents quoting from or conveying testimony or information contained in the transcript), may be used and disclosed only for the purpose of preparing for and conducting discovery, pre-trial, trial, and post-trial proceedings in this action, and for no other purpose, and, if filed with the Court in connection with a motion or otherwise, shall be filed under seal. Any document quoting from or conveying testimony

or information contained in the transcript or declaration shall likewise be designated "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," and shall not be used or disclosed except in accordance with the provisions of this paragraph.

13.   Nothing in this Protective Order shall be construed as relieving a party seeking testimony in this matter from a current or former employee of the Secret Service, concerning any information acquired by such employee as part of the performance of his or her official duties or by virtue of his or her official status, of any obligation under Title 6, Code of Federal Regulations, Chapter I, Part 5, Subpart C, to submit a written request for such testimony to the Secret Service Office of Chief Counsel.  Nor shall anything in this Protective Order be construed as permitting a current or former employee of the Secret Service to testify concerning such information in contravention of the foregoing regulations without authorization of the Office of Chief Counsel.  Nor shall anything in this Protective Order be construed as providing for judicial review of, or relief from, a decision of the Chief Counsel in response to such a request, or refusing such authorization, that is not otherwise provided for by law.

DATED at Denver, Colorado, this 1st day of November, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Seen and agreed to:

| | |
|---|---|
| *s/ David Lane* | *s/ James J. Gilligan* |
| David Lane | James J. Gilligan |
| KILLMER, LANE & NEWMAN, LLP | Assistant Director |
| 1543 Champa Street, Suite 400 | United States Department of Justice |
| Denver, Colorado 80202 | Civil Division, Federal Programs Branch |
| (303) 571-1000 | P.O. Box 883 |
| dlane@killmerlane.com | Washington, D.C. 20044 |
| | (202) 514-3358 |
| Counsel for Plaintiff Steven Howards | james.gilligan@usdoj.gov |
| | |
| | Counsel for Third Parties Office of the Vice President and the United States Secret Service |

*s/ Sean R. Gallagher*
Sean R. Gallagher
HOGAN & HARTSON, LLP
1200 Seventeenth Street, Suite 1500
Denver, Colorado 80202
(303) 454-2415
srgallagher@hhlaw.com

Counsel for Defendants Virgil D. "Gus" Reichle,
Kristopher Mischloney, and Dan Doyle in their individual capacities

*s/ Richard Westfall*
Richard Westfall
Hale Friesen, LLP
1430 Wynkoop Street
Denver, Colorado, 80202
rwestfall@halefriesen.com

Counsel for Defendants Daniel McLaughlin and
Adam Daniels in their individual capacities