IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 06-cv-01964-CMA-CBS

STEVEN HOWARDS,

    Plaintiff,

v.

VIRGIL D. "GUS" REICHLE, JR., in his individual and official capacity,
KRISTOPHER MISCHLONEY, in his individual and official capacity,
DANIEL McLAUGHLIN, in his individual and official capacity,
DAN DOYLE, in his individual and official capacity, and,
ADAM DANIELS, in his individual and official capacity,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Certify Defendants' Appeal Frivolous (Doc. # 202). For the following reasons, the Motion is DENIED.

### BACKGROUND

The facts of this case have been described elsewhere in the record, so the Court will present only a brief recap in this Order.

This is a civil rights lawsuit. Plaintiff claims that Defendants, United States Secret Service agents, violated his constitutional rights. Plaintiff's claims stem from a run-in between himself and former Vice President Dick Cheney in Beaver Creek, Colorado, on June 16, 2006. The parties dispute the exact nature of the confrontation,

but they agree that it involved elements of physical contact and verbal communication between Plaintiff and Mr. Cheney.

After his initial encounter with Mr. Cheney, Plaintiff promptly walked away from the scene without any question or protest from Defendants, Mr. Cheney, or Mr. Cheney's staff. Plaintiff picked up his son at a nearby piano recital and walked back through the public area where Mr. Cheney remained standing. However, as he neared Mr. Cheney again – son in tow – Secret Service agents arrested Plaintiff for his previous "assault" on the then-Vice President. Secret Service and Eagle County officials detained Plaintiff but eventually released him without filing criminal charges.

Plaintiff claims that his arrest, search, and detention violated his First and Fourth Amendment Rights. He filed a Complaint on October 3, 2006, and the case has proceeded slowly since then. On November 11, 2008, Defendants filed motions for summary judgment. (Docs. # 155 & 156.) Defendants argued in relevant part that they were entitled to qualified immunity from Plaintiff's claims. The Court heard oral argument on the motions and denied them in a ruling from the bench on April 14, 2009. (Doc. # 187.) After the Court issued its ruling, Defendants' counsel indicated that Defendants would consider whether to file an interlocutory appeal of the Court's ruling.

On May 7, 2009, Defendants made good on their intimations when they filed Notices of Appeal with the Tenth Circuit Court of Appeals. (Docs. # 190 & 191.) Less than one month later, Plaintiff filed the instant Motion seeking to certify Defendants'

interlocutory appeals as frivolous.  (Doc. # 202.)  The parties have fully briefed Plaintiff's Motion and the Court concludes that a hearing is unnecessary for disposition.

## APPLICABLE LAW

The courts of appeals typically do not have jurisdiction to review a district court order until the district court issues a "final decision."  See 28 U.S.C. § 1291; see also, e.g., Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-74 (1981).  Usually, the filing of a notice of appeal is the event that divests the district court of jurisdiction and confers jurisdiction on the court of appeals.  See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

### I. INTERLOCUTORY APPEALS AND FRIVOLOUS APPEALS

However, 50 years ago, the Supreme Court recognized an exception to these jurisdictional rules that applies to a unique number of district court decisions "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause of action itself to require that appellate consideration be deferred until the whole case is adjudicated."  Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949) (creating the so-called "collateral order exception" to final judgment rule); Abney v. United States, 431 U.S. 651, 657-62 (1977) (applying collateral order exception to district court decision denying motion to dismiss on double jeopardy grounds).  In essence, the collateral order exception requires appellate courts to treat district court

decisions that do not permanently resolve the case as "final decisions." *Cohen*, 337 U.S. at 546. The exception thereby allows for interlocutory appellate jurisdiction. *Id.*

An interlocutory appeal obviously has drastic effects on the underlying litigation because it virtually halts the lawsuit in its tracks until the court of appeals can weigh in on the contested decision. *See Stewart v. Donges*, 915 F.2d 572, 575-76 (10th Cir. 1990) ("The divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one. Unlike an appeal from a final judgment, an interlocutory appeal disrupts ongoing proceedings in the district court."). Given the deep impact wrought by an interlocutory appeal, courts of appeals have recognized the potential for misuse of the collateral order exception. *See id.*; *see also Apostol v. Gallion*, 870 F.2d 1335, 1338-39 (7th Cir. 1989)*; United States v. Hines*, 689 F.2d 934, 936-937 (10th Cir. 1982).

To check the potential for abuse of the exception, the Tenth Circuit Court of Appeals has recognized an exception to the exception; a party may successfully thwart an interlocutory appeal's jurisdictional effects by moving to certify the appeal as frivolous. *Hines*, 689 F.2d at 937; *see also Apostol*, 870 F.2d at 1338-39. If the party opposing appeal is successful, and the district court certifies the appeal as frivolous, the district court retains full jurisdiction to move the case forward, and only additional intervention by the court of appeals will preclude the district court from proceeding to trial and judgment. *Hines*, 689 F.2d at 937; *see also Stewart*, 915 F.2d at 936.

*Hines* listed three prerequisites that must be satisfied to stave off the divestiture of jurisdiction caused by the filing of an interlocutory appeal. 689 F.2d at 937 (citing *United States v. Leppo*, 624 F.2d 101, 104 (3d Cir. 1980)). Only if the district court: (1) holds a hearing, and; (2) for substantial reasons given; (3) finds the appeal to be frivolous, will it retain jurisdiction notwithstanding an interlocutory appeal. *See Hines*, 689 F.2d at 937; *see also Stewart*, 915 F.2d at 576. However, as the *Hines* factors suggest, the party opposing appeal faces a rather difficult burden to overcome an interlocutory appeal and maintain jurisdiction in the district court. *See Apostol*, 870 F.2d at 1339 (noting that the district court's power to certify an appeal as frivolous is "anomalous and must be used with restraint"); *cf. Richardson v. United States*, 468 U.S. 317, 322 (1984) (suggesting that appeal is proper if it is at least "colorable"). *See also* Black's Law Dictionary (8th ed. 2004) (defining "frivolous" to mean "Lacking in legal basis or legal merit.").

## II.   INTERLOCUTORY APPEALS AND QUALIFIED IMMUNITY

Notably for purposes of this case, the Supreme Court has held that the denial of qualified immunity may fall within the collateral order exception. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). However, not all orders denying qualified immunity fall within the collateral order exception. In fact, *Mitchell* held that an interlocutory appeal may only be taken from a district court order denying qualified immunity if the denial is based on a legal ground, rather than a factual basis. *See id.* at 530 ("a district court's denial of a claim of qualified immunity, *to the extent that it turns on an issue of law*, is an

appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment") (emphasis added).

The Supreme Court later reaffirmed this distinction between factual and legal decisions in *Johnson v. Jones*, 515 U.S. 304 (1995).  In *Johnson*, the district court concluded that evidentiary questions remained unanswered and, thus, denied qualified immunity at the summary judgment stage.  *Id.* at 307-08.  The Supreme Court held that the district court's denial was not a final order for purposes of § 1291 because the denial turned more on factual issues inappropriate for resolution by the appellate court than on "abstract" legal principles.  *Id.* at 317.  *See also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1947 (2009) (discussing distinction between "abstract" and "fact-based" issues of law and noting the foggy boundary line between the two).

With this applicable law in mind, the Court turns to a discussion of Plaintiff's Motion.

## **DISCUSSION**

The parties do not dispute certain aspects of Plaintiff's Motion.  For example, they agree that in appropriate circumstances, a defendant may immediately appeal an order denying qualified immunity.  And the parties also acknowledge that the Court denied summary judgment in part because of the existence of disputed material facts affecting Defendants' qualified immunity.  The Court indicated as much when it stated that "there are simply too many issues of material fact to allow for summary judgment in this case."  That is about where the parties' agreement ends.

Plaintiff argues that this Court should certify Defendants' interlocutory appeals as frivolous because the Court's denial of summary judgment in this case turns solely on the existence of disputed facts, and not on the application of abstract legal principles. As Plaintiff points out, the facts of this case generally align with the facts in *Johnson,* which limited interlocutory appeals on decisions of qualified immunity to decisions that turn on legal determinations, rather than factual or evidentiary determinations. Defendants counter that their appeals pose questions of law, including whether this Court applied the correct legal standard in denying summary judgment. Therefore, according to Defendants, interlocutory appeals are appropriate and Plaintiff's Motion should be denied. However, the Court need not delve too deeply into the thorny legal thicket grown by the parties' arguments because it finds that Plaintiff has not met its burden to show that Defendants' appeals are so groundless or intentionally dilatory that the Court can certify them as "frivolous."

The Court agrees with Plaintiff regarding the apparent congruity between the facts in this case and the facts in *Johnson.* But that fact alone does not automatically result in the certification that Plaintiff seeks. To win his Motion, Plaintiff must show more than the mere fact that he is right, he must show that Defendants' appeals are "*frivolous*." That is, Plaintiff must establish that Defendants' appeals are not just uncertain or questionable, he must show they utterly lack legal support.

The developing nature of the law in this area makes Plaintiff's burden especially heavy. Like the Supreme Court recently did in *Iqbal*, this Court has wrestled with the

machinations of earlier Supreme Court precedent concerning the applicability of the collateral order exception in qualified immunity cases.  Indeed, as Justice Kennedy noted in *Iqbal*, a 2009 decision less than three months old, the boundary between factual and legal determinations in the area of qualified immunity and, thus, the frivolousness of the interlocutory appeals from the Court's denial of qualified immunity in this case, is "not well defined."  *Iqbal*, 129 S. Ct. at 1947.  Under the circumstances of this case and lacking "well defined" legal principles to guide the resolution of Plaintiff's Motion, this Court cannot say that Defendants' appeals are materially lacking in legal basis.  In other words, Plaintiff cannot establish that Defendants' appeals run hard enough against the grain of qualified immunity law because law in that area is still growing in divergent directions.

By denying Plaintiff's Motion, the Court does not intend to cast doubt on the denial of summary judgment in this case.  Nor does the Court wish to imply that an interlocutory appeal from a denial of qualified immunity could never be certified as frivolous under the current state of the law, or that Plaintiff's burden is simply impossible to meet.  Indeed, the Court stands firmly behind its decision to deny summary judgment and, unless the Tenth Circuit Court of Appeals says otherwise, this case should proceed to trial.  However, the Court finds that it cannot certify Defendants' appeals as frivolous because the unsettled facts and law at issue in this case do not permit the Court to make such a strong pronouncement regarding the propriety of Defendants' appeals.

## **CONCLUSION**

The evolving nature of the law regarding the propriety of interlocutory appeals in qualified immunity cases suggests that Defendants' appeals in this case does not reach the depths of frippery required for this Court to label them frivolous or uncolorable. Therefore, the Court concludes that Plaintiff has not met his burden to show that Defendants' appeals are frivolous or unreasonably dilatory.

Accordingly, Plaintiff's Motion (Doc. # 202) is DENIED.

It is FURTHER ORDERED that, pending a ruling from the Tenth Circuit Court of Appeals, the Final Trial Preparation Conference currently set for September 11, 2009, and the Jury Trial currently set to commence September 28, 2009, are VACATED.

DATED:  July 28, 2009.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge